USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-16-19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE CELADON GROUP, INC.
SECURITIES LITIGATION

Case No. 17-cv-02828-JFK

*JFK*

**[PROPOSED] FINAL ORDER AND JUDGMENT**

WHEREAS:

A.      As of October 3, 2018, the Greater Pennsylvania Carpenters' Pension Fund and

Arkansas Teacher Retirement System (collectively, the "Institutional Investor Group" or "Lead

Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one

hand, and Celadon Group, Inc. ("Celadon," or "the Company"), Bobby L. Peavler, and Paul A.

Will (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of

Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B.      The Court entered the Order Granting Preliminary Approval of Class Action

Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final

Approval of Settlement on October 12, 2018 (the "Preliminary Approval Order").  On October

16, 2018, the Court scheduled a hearing for January 16, 2019, at 11:00 a.m. (the "Settlement

Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action

on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and

should be approved by the Court; (ii) determine whether a judgment as provided for in the

Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.      The Court ordered that the Notice of Pendency of Class Action, Proposed

Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim

and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary

Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid,

on or before ten (10) business days after the date of entry of the Preliminary Approval Order

("Notice Date") to all potential Settlement Class Members who could be identified through

reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement,

and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form

attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business

Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.    The Notice and the Summary Notice advised potential Settlement Class Members

of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that

any objections to the Settlement were required to be filed with the Court and served on counsel

for the Parties such that they were received by December 26, 2018;

E.    The provisions of the Preliminary Approval Order as to notice were complied

with;

F.    On December 12, 2018, Lead Plaintiffs moved for final approval of the

Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly

held before this Court on January 16, 2019, at which time all interested Persons were afforded

the opportunity to be heard; and

G.    This Court has duly considered Lead Plaintiffs' motion, the affidavits,

declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the

submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND

DECREED that:

1.    This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on October 4, 2018; and (ii) the Notice, which was filed with the Court on December 12, 2018. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.    The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired the publicly traded common stock of Celadon during the period from October 29, 2013 through April 13, 2018, inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the present and former officers and directors of the Company; (iii) the Company's subsidiaries; (iv) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (v) members of the immediate families of the Individual Defendants; (vi) any entity in which any Defendant has or had a controlling interest; and (vii) the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded from the Settlement Class are those Persons who have timely and validly sought exclusion from the Settlement Class and are listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court.

4.    Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies the

Institutional Investor Group as Class Representatives for the Settlement Class; and finally

appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class.

5.      The Court finds that the mailing and publication of the Notice, Summary Notice,

and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best

notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated

to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of

Allocation, of Lead Counsel's request for an award of attorney's fees and payment of litigation

expenses incurred in connection with the prosecution of the Action, of Settlement Class

Members' right to object or seek exclusion from the Settlement Class, and of their right to appear

at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons

entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of

Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the

Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §

78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      There have been no objections to the Settlement.

7.      In light of the benefits to the Settlement Class, the complexity, expense and

possible duration of further litigation against Defendants, the risks of establishing liability and

damages, the risks of collecting any judgment, and the costs of continued litigation, the Court

hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and

finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests

of Lead Plaintiffs and the Settlement Class.  This Court further finds the Settlement set forth in

the Stipulation is the result of arm's-length negotiations between experienced counsel

representing the interests of Plaintiffs, the Settlement Class, and Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The Consolidated Class Action Complaint for Violations of the Federal Securities Laws filed on September 28, 2018, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.      The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     Upon the Effective Date, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, asserting, prosecuting, participating in, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

11.     Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12.    Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13.    This Judgment and the Stipulation, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any of the Defendants' defenses;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiffs, any other member of the Settlement Class, or their

respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)    do not constitute, and shall not be construed against Defendants, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.    The Parties are hereby directed to consummate the Stipulation and to perform its terms.

18.    A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

19.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this ___16___ day of _January___ , 2019

                              BY THE COURT:

                              _John F. Keenan_____
                              Honorable John F. Keenan
                              UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| Count | Name | City | State | Country |
|---|---|---|---|---|
| 1 | Beverly L. Posey | Manassas | VA | USA |
| 2 | Gary Turple | Bedford | NS | Canada |